# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**RACHEL GILBERT**                                                              **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 3:14CV009 HTW-LRA**

**CAROLYN W. COLVIN**
**COMMISSIONER OF SOCIAL SECURITY**                  **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court *sua sponte* upon a review of the docket in this case, which reveals that Plaintiff has failed to comply with the Order to Show Cause issued by this Court on April 17, 2015. Plaintiff appeals from the decision of the Commissioner of Social Security denying her applications for Social Security Income and Disability Insurance Benefits, but has failed to prosecute her appeal. For the reasons stated herein, it is the recommendation of the undersigned that this case be dismissed.

The docket reflects this matter was filed on January 6, 2014. On April 16, 2014, this Court granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis, and entered an Order Directing the Filing of Briefs. On August 25, 2014, the Answer was filed, along with a copy of the Administrative Record. The docket reflects Plaintiff has failed to comply with the Court's briefing order requiring her to file a dispositive motion within 30 days from the filing of the Commissioner' s Answer. Plaintiff also failed to request an extension of time in which to file the motion and brief. Accordingly, on April 17, 2015, this Court issued an Order to Show Cause directing Plaintiff to show good cause on or

before May 1, 2015, why this case should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff has failed to respond to the show cause order. It is therefore the recommendation of the undersigned that Plaintiff's case be dismissed.

The district court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the court both under FED. R. CIV. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, 370 U.S. at 630.

For these reasons, it is the recommendation of the undersigned that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice, and that a Final Judgment dismissing the Complaint be entered, unless Plaintiff responds to the Order to Show Cause and/or files a dispositive motion in compliance with the Order Directing Filing of Briefs, not later than May 22, 2015.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and

Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636.

This the 7th day of May, 2015.

S/Linda R. Anderson<br>
UNITED STATES MAGISTRATE JUDGE