**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**RACHEL GILBERT**                                                    **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO.  3:14CV009 HTW-LRA**

**CAROLYN W.  COLVIN**
**COMMISSIONER OF SOCIAL SECURITY**                       **DEFENDANT**

**SUPPLEMENTAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

THIS CAUSE is before the Court on Plaintiff's Response to the Order to Show Cause issued by this Court on April 17, 2015.  Plaintiff appeals from the decision of the Commissioner of Social Security denying her applications for Social Security Income and Disability Insurance Benefits, but has failed to prosecute her appeal.  For the reasons stated herein, it is the recommendation of the undersigned that this case be dismissed.

The docket reflects this matter was filed on January 6, 2014.  On April 16, 2014, this Court granted Plaintiff's Motion for Leave to Proceed in *Forma Pauperis*, and entered an Order Directing the Filing of Briefs, directing Plaintiff to submit a memorandum brief setting forth all errors she contends entitle her to relief.  On August 25, 2014, the Answer was filed, along with a copy of the Administrative Record.  Plaintiff's dispositive motion and brief were therefore due on or before September 25, 2014.  Plaintiff failed to comply with the Court's briefing order requiring her to file a dispositive motion within 30 days from the filing of the Commissioner's Answer.  Plaintiff also failed to request an extension of time in which to file the motion and brief.

Accordingly, approximately one year to date after granting Plaintiff leave to proceed *in forma pauperis*, this Court issued an Order to Show Cause on April 17, 2015, directing Plaintiff to show good cause on or before May 1, 2015, why this case should not be dismissed for failure to prosecute her appeal.  The show cause order explained that this Court may dismiss an action for failure to prosecute or to comply with any order of the court under its inherent authority and Fed. R. Civ. P. 41 (b).  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir.  1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The order further explained that this Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link*, 370 U.S. at 630.  Plaintiff's actions also prejudice the right of the Commissioner to promptly and fully defend the final decisions of the Social Security Administration.

Plaintiff failed to respond to the show cause order by May 1, 2015.  On May 7, 2015, the undersigned issued a Report and Recommendation recommending that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), and that a Final Judgment dismissing the Complaint be entered, unless Plaintiff responds to the Order to Show Cause and/or files a dispositive motion in compliance with the Order Directing Filing of Briefs, no later than May 22, 2015.  The Report and Recommendation also provided Plaintiff an additional 14 days after being served with a copy of the Report and

Recommendation to file written objections to same.

On May 21, 2015, Plaintiff made an *ore tenus* motion for additional time to file a brief setting forth the basis for her appeal.  Plaintiff advised that she was unable to submit a response to the show cause order by May 1, 2015, because she was incarcerated on that date.  However, Plaintiff provided no explanation for her failure to file a brief in compliance with this Court's briefing order prior to May 1, 2015.  The undersigned granted Plaintiff additional time until May 26, 2015, to file a brief in compliance with this Court's briefing order explaining why she contends she is entitled to relief and setting forth all errors that she contends the ALJ committed.  A TEXT ONLY ORDER to that effect was entered and forwarded to Plaintiff on that same date.

On May 22, 2015, Plaintiff filed the following responsive pleading:

> Due to incarceration, I was unable to appear in court on May 1, 2015.  I was released on May 18, 2015, due to a misdemeanor crime.
>
> I respectfully request a continued viewing of my case.
>
> I have continued to regress with my mental disorder due to financial inability to pay for mental treatment and medication.  This has seriously affected my ability to function properly in family and personal relationship, job settings with behavior causing several arrest for "domestic disturbance."  I honestly need my SSI so that I can get <u>continued</u> treatment for mental health issues involving Bipolar/Schizoprenia [sic].[1]. . .

Plaintiff's response fails to set forth any errors which she contends entitle her to relief, or

---

[1] ECF No. 15.

any argument in support of her appeal, in compliance with the Court's briefing order and instructions. This matter has now been dormant on the docket due to the inaction of Plaintiff for more than one year. *Cole v. Barnhart,* 183 F. App'x 279 (5th Cir. 2006).

Being mindful that Plaintiff is proceeding *pro se*, the court carefully reviewed Plaintiff's Complaint, the complete administrative record, including the employment records of evidence and hearing transcript. Based on the record evidence, the ALJ found that there was no continuous 12-month period during which the Plaintiff has not engaged in substantial gainful activity and is therefore not under a disability. The Plaintiff does not dispute or even address this finding that she was employed and earned more than the allowed amount. Judicial review in social security appeals is limited to two basic inquiries: "(1) whether there is substantial evidence in the record to support the [ALJ's] decision; and (2) whether the decision comports with relevant legal standards." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991)). The ALJ applied the correct legal standards, and there is substantial evidence to support the ALJ's findings of fact and conclusions of law. The undersigned finds that the Complaint should be dismissed on the merits.

For these reasons, it is the recommendation of the undersigned that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), with prejudice, for failure to prosecute, and that a Final Judgment dismissing the Complaint be entered. In the alternative, the undersigned recommends that Plaintiff's appeal be dismissed on the merits with prejudice; and, that Final Judgment in favor of the Commissioner be entered.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636.

This the 18th day of June, 2015.

          S/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE